United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACQUELYN WILLIS, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. H-16-86 |
| | § |
| THE BANK OF NEW YORK MELLON | § |
| TRUST COMPANY, N.A., AS TRUSTEE, | § |
| *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER GRANTING LEAVE TO AMEND, AMENDING MINUTE ENTRY ENTERED ON MAY 6, 2016, AND DENYING MOTION TO PERPETUATE TESTIMONY**

The plaintiff, Jacquelyn Willis, challenges the foreclosure of her home. She sued 20 defendants, including Ocwen Loan Servicing LLC, the mortgage servicer; the Bank of New York Mellon Trust Company, the mortgage assignee; and the foreclosure trustees.[1] She asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and under Texas state law for identity theft. She seeks approximately $500,000 in damages. Ms. Willis sued on January 11, 2016 and filed an amended complaint that same day. (Docket Entry Nos. 1, 2). The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 23). Ms. Willis then sought leave to file a second amended complaint and to perpetuate testimony under Rule 27. (Docket Entry No. 25 & Ex. 1). The defendants opposed the motion to perpetuate testimony but did not oppose the motion for leave to amend. (Docket Entry No. 26). Each is

---

[1] The complaint names the following foreclosure trustees as defendants: Power Default Services, Inc., Anna Sewart, Bret Allen, Byron Sewart, Camisha Scott, Chance Oliver, Chelsea Jackson, David Barry, Helen Henderson, Jeff Leva, Keisha Lyons, Keith Wolfshohl, Laterrika Thompkins, Melisa Jones, Patricia Poston, Stephanie Spurlock, Tamika Smith, and Tanesha Humphrey.

1

addressed below.

### I.     The Motion for Leave to Amend

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). The question is whether further amendment would be futile.

The Fifth Circuit has made clear that "'mortgage servicing companies' and 'debt assignees' are not debt collectors, and therefore are not regulated by the FDCPA, 'as long as the [mortgage] was not in default at the time it was assigned' by the originator." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) (alteration in original) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). Ms. Willis's complaint does not allege whether she was in default on her mortgage when New York Melon acquired her loan or when Ocwen acquired the servicing rights to her loan.

Liberally construed, Ms. Willis's claims of "identity theft" appear to assert fraud under Texas law. "[A] fraud cause of action requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010) (alteration omitted) (quotation marks omitted). "State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010). Ms. Willis's complaint does not allege fraud with the necessary particularity. She does not specify what statements allegedly were

fraudulent, identify the speaker, state when and where the statements were made, or explain why the statements were fraudulent. Her pleading applies globally as to all those she names as defendants. As to the 18 foreclosure trustees, it is unclear what claims she asserts against them or how suing those defendants will give Ms. Willis any of the relief she seeks.

The defendants are not opposed to further amendment at this time. The court grants the motion for leave to amend and instructs Ms. Willis that she must address the pleading problems if she can do so within her obligation to file pleadings that "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," (1) are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) include "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) include "factual contentions [that] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) include "denials of factual contentions [that] are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." FED. R. CIV. P. 11(b).

At the initial conference held on May 6, 2016, there was confusion among the court and the parties about whether Ms. Willis's motion for leave to amend—filed in March 2016—related back to the amended complaint she filed in January 2016, or whether it sought leave to file a second amended complaint. The minute entry for the initial conference states that the claims against Ocwen and New York Mellon were dismissed, with prejudice. The minute entry is amended only to the extent of clarifying, consistent with this Memorandum and Order, that Ms. Willis's claims are

dismissed, but without prejudice, and that she may file a second amended complaint. No later than **June 30, 2016,** she must file that amended complaint.

## II.     The Motion to Perpetuate Testimony

Ms. Willis has also moved to perpetuate testimony under Rule 27. Ms. Willis has already filed this action. FED. R. CIV. P. 27(a)–(b). She has not shown "that perpetuation of the testimony of the identified witnesses . . . is necessary to prevent testimony from being lost or to prevent a failure or delay of justice." *In re Caraway*, 303 F. App'x 220, 221 (5th Cir. 2008) (per curiam) (citing FED. R. CIV. P. 27(c)). The motion to perpetuate testimony is denied.

## III.    Conclusion

Ms. Willis's motion for leave to amend is granted. (Docket Entry No. 25). The defendants' motion to dismiss is dismissed without prejudice as moot, subject to reurging in light of the pleading amendment. (Docket Entry No. 23). The May 6, 2016 minute entry is amended consistent with this Memorandum and Order. (Docket Entry No. 30). The motion to perpetuate testimony is denied. (Docket Entry No. 25, Ex. 1).

No later than **June 30, 2016,** Ms. Willis may file a second amended complaint that repleads her allegations.

SIGNED on May 26, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge