United States District Court
Southern District of Texas

**ENTERED**

August 15, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JACQUELYN WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-86 |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| TRUST COMPANY, N.A., AS TRUSTEE, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.      Background**

The plaintiff, Jacquelyn Willis, sued 20 defendants, challenging the foreclosure of her home. The defendants included Ocwen Loan Servicing LLC, the mortgage servicer; the Bank of New York Mellon Trust Company, the mortgage assignee; and the foreclosure trustees.[1] Ms. Willis alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and identity theft under Texas state law.

Ms. Willis filed suit on January 11, 2016 and filed an amended complaint that same day. (Docket Entry Nos. 1, 2). The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 23). Ms. Willis then sought leave to file a second amended complaint. (Docket Entry No. 25). The court granted Ms. Willis's motion for leave to amend, identifying several pleading deficiencies and instructing her to file a second amended complaint no later than

---

[1] The complaint names the following foreclosure trustees as defendants: Power Default Services, Inc., Anna Sewart, Bret Allen, Byron Sewart, Camisha Scott, Chance Oliver, Chelsea Jackson, David Barry, Helen Henderson, Jeff Leva, Keisha Lyons, Keith Wolfshohl, Laterrika Thompkins, Melisa Jones, Patricia Poston, Stephanie Spurlock, Tamika Smith, and Tanesha Humphrey.

June 30, 2016.  (Docket Entry No. 23).  Ms. Willis complied, the defendants filed a second motion to dismiss, and Ms. Willis responded.  (Docket Entry Nos. 32, 33, 35).

Based on the pleadings, the motion and response, and the applicable law, the court grants in part and denies in part the defendants' motion to dismiss.  (Docket Entry No. 33).  The court dismisses, with prejudice, Ms. Willis's FDCPA claims against New York Melon and Ocwen.  The court also dismisses, with prejudice, Ms. Willis's state-law claims for identity theft against all of the defendants.  The court grants Ms. Willis leave to file an amended complaint against only the foreclosure-trustee defendants under the FDCPA.  Ms. Willis must file the amended pleading no later than **September 9, 2016**.

The reasons for these rulings are explained below.

## II.     The Legal Standard

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally allow the plaintiff to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that the "proposed amendment clearly is frivolous, advancing a claim or defense that is legally insufficient on its face." 6 WRIGHT & MILLER § 1487; *see also Ayers v.*

*Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III.     Analysis

### A.     The FDCPA Claims

To plausibly allege a claim under the FDCPA, Ms. Willis must plead facts showing that: "(1) [the defendant] is a 'debt collector'; (2) [the defendant] brought 'a legal action on a debt'; (3) [Ms. Willis] is a 'consumer,' meaning that [s]he is 'obligated to pay [a] debt' incurred 'primarily for personal, family, or household purposes'; and (4) [the] debt-collection suit was not brought in a venue 'in which [Ms. Willis] signed the contract sued upon' or 'in which [Ms. Willis] resided at the commencement of the action." *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 151–52 (5th Cir. 2015) (per curiam) (alteration omitted) (quoting 15 U.S.C. §§ 1692a, 1692i, 1692k). The threshold question is whether the defendants are "debt collectors" under the FDCPA.

Under the FDCPA, a "debtor collector" is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [S]uch term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). A "debt collector" does not include:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

4

*Id.* § 1692(a)(6)(F).

Mortgage lenders and their servicers are not "debt collectors" unless the mortgage was already in default when it was assigned. *See Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). Ms. Willis's first amended complaint did not allege whether she had defaulted on her mortgage when New York Melon acquired the loan or when Ocwen became the loan servicer. Nor did the second amended complaint. Although the documents that Ms. Willis attached to her second amended complaint show that the deed of trust was recorded on January 28, 2004 and that New York Melon became the noteholder on June 1, 2004, the documents do not show whether her mortgage was in default when the defendants acquired it. (Docket Entry No. 32 at p. 53, 57).

The new allegations in the second amended complaint provide no better factual allegations relating to New York Melon's or Ocwen's debt-collector status. Ms. Willis alleged that New York Melon sent her an acceleration notice on March 10, 2015. (Docket Entry No. 32 at p. 3). The acceleration notice does not indicate when Ms. Willis defaulted on the mortgage. The additional allegation does not show or support an inference that either New York Melon or Ocwen is a "debt collector" under the FDCPA.

Relying on a report published by the Consumer Financial Protection Bureau, Ms. Willis alleged that Ocwen entered into a settlement agreement and consent order to resolve disputes with several state mortgage regulators. (*Id.* at p. 10–11). But Ms. Willis did not allege or explain how

the report relates to her claim.

The second amended complaint also referred to collection-notice letters sent by Power Default Services and the other foreclosure trustees.  (Docket Entry No. 32 at p. 15–26).  Ms. Willis appears to allege that the foreclosure trustees violated the FDCPA by sending notices of acceleration.  (Docket Entry No. 32 at p. 55–60).  The defendants argue that "[r]elief against [the] trustees is not necessary for the claims [Ms. Willis] makes," citing case law holding that trustees are not necessary parties in a suit to prevent a foreclosure  (Docket Entry No. 33 at p. 8).  But Ms. Willis did not sue to enjoin the foreclosure of her property.  Rather, she sued for damages under the FDCPA.  (Docket Entry No. 32 at p. 22, 25).

Under certain circumstances, a foreclosure trustee may be a "debt collector" under this statute.  *See Kaltenbach v. Richards*, 464 F.3d 524, 528–29 (5th Cir. 2006); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 375–78 (4th Cir. 2006).  Even if the defendant "was enforcing a security interest rather than collecting a debt," the question remains whether it engages in a "business the principal purpose of which is the enforcement of security interests."  *Kaltenbach*, 464 F.3d at 527, 528 (quotation marks omitted); *see also id.* at 529 ("[A] party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."); *Enis v. Bank of Am., N.A.*, No. 12-cv-295, 2013 WL 1721961, at *8 (N.D. Tex. Apr. 22, 2013) ("Because of the statute's distinction between collecting a debt and enforcing a security interest, an entity's foreclosure activities do not count as debt collection for the purposes of determining whether it is a 'debt collector' under § 1692a(6) . . . [b]ut an entity can still qualify as a 'debt collector' under the FDCPA when engaging in foreclosure activities if, through its other activities, it satisfies the statutory definition.").

6

Under § 1692g, a "debt collector" who solicits payment must provide the consumer within five days of the initial communication a written validation notice that sets out:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

A debt collector may violate § 1692g in two ways: by failing to provide the information the statute requires, *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001); or by including language in its communication with consumers that contradicts or overshadows the statutorily mandated notice. More is required to comply with § 1692g than including the required disclosure in a letter to consumers. The required disclosure must also "be set forth in a form and within a context that does not distort or obfuscate its meaning." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002); *see also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) ("A [debt collection letter] overshadows or contradicts the validation notice 'if it would make the least sophisticated consumer uncertain as to her rights.'" (citation omitted)); *DeSantis*, 269 F.3d at

161 ("[T]he collector nonetheless violates the Act if it conveys [the required notice] in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). Ms. Willis appears to allege both types of § 1692g violations, although the second amended complaint is unclear. The defendants' motion to dismiss does not address whether the foreclosure-trustee defendants are "debt collectors" or whether Ms. Willis has plausibly alleged § 1692g violations.

When a plaintiff's complaint fails to state a claim, the court should generally allow the plaintiff to amend the complaint before dismissing the action with prejudice, unless it is clear that doing so would be futile. *Great Plains*, 313 F.3d at 329. Ms. Willis is a pro se litigant, and Rule 12(b)(6) motions are disfavored. *Kaltenbach*, 464 F.3d at 527. Ms. Willis has moved for leave to amend in her brief responding to the defendants' motion to dismiss, (Docket Entry No. 35 at p. 10), and the defendants have moved in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e).

The court grants Ms. Willis leave to file an amended complaint, only against the foreclosure-trustee defendants under the FDCPA. Ms. Willis must address the pleading problems if the facts warrant it. Of course, Ms. Willis must file an amended complaint that "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; asserts only "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; asserts only "factual contentions [that] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and includes only "denials of factual

8

contentions [that] are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."  FED. R. CIV. P. 11(b).

### B.     The "Identity Theft" Claims

#### 1.     Common-Law Fraud

To the extent that Ms. Willis asserted a common-law fraud claim for identity theft in her second amended complaint, the allegations fail to comply with Rule 9(b).  "[A] fraud cause of action requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury."  *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010) (alteration omitted) (quotation marks omitted).  "State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)."  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010).

The second amended complaint did not specify the allegedly fraudulent statements or actions.  Ms. Willis did not identify the speaker, state when and where the statements were made, or explain why they were fraudulent.  To the extent the second amended complaint asserts a fraud claim, it is dismissed.  The dismissal is with prejudice and without leave to amend because prior amendments have failed to resolve the deficient pleadings.

#### 2.     TTLA

Ms. Willis's second amended complaint also appears to assert her identity-theft claim under the Texas Theft Liability Act ("TTLA"), TEX. CIV. PRAC. & REM. CODE § 134.001 *et seq.*  She asserted the same factual allegations in her first amended complaint.  It is unclear whether Ms. Willis intended in her second amended complaint to assert a fraud claim, a TTLA claim, or both.

9

To the extent she has sued under the TTLA, the second amended complaint fails to state a claim and is dismissed.

The TTLA defines theft as "unlawfully appropriating property."  *See* TEX. CIV. PRAC. & REM. CODE § 134.002(2); *Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 428 n.1 (5th Cir. 2012) (per curiam).  Appropriation is unlawful if it is done "with intent to deprive the owner of property" and without the owner's effective consent.  TEX. PENAL CODE §§ 31.03(a), (b)(1); *Joe N. Pratt Ins. v. Doane*, No. 07-cv-07, 2008 WL 819011, at *12 (S.D. Tex. Mar. 20, 2008).  "Deprive" means:

> (A)    to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;
>
> (B)    to restore property only upon payment of reward or other compensation; or
>
> (C)    to dispose of property in a manner that makes recovery of the property by the owner unlikely.

TEX. PENAL CODE § 31.01(2).

Ms. Willis alleged that the defendants stole her personal-identification through "phishing"; "knowingly obtained or used [her] property, with intent to, either temporally or permanently, deprive [her] of a right to the property"; and "intend[] to use [her] private information to s[ell] or trade with third parties."  (Docket Entry No. 32 at p. 48).

Although Ms. Willis alleged that the defendants wrongfully obtained her "private information," she did not allege what "property" was taken or how it was taken without her "effective consent."  (*Id.* at p. 40).  Nor did Ms. Willis's allegations show or support an inference that any defendant "deprived" her of "property," as the TTLA requires.  The allegations are too speculative and conclusory to state a claim.  "[A] plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *See Twombly*, 550 U.S. at 555 (alteration omitted) (quotation marks omitted).

While the second amended complaint asserts separate identity-theft claims against New York Melon, Ocwen, and the foreclosure trustees, the allegations are the same as in the first amended complaint.  They are just as conclusory and just as deficient.  Ms. Willis's "identity-theft" claims against all the defendants are dismissed with prejudice and without leave to amend, because prior pleading amendments demonstrate that future attempts to amend would be futile.

## IV.  Conclusion

The motion to dismiss is granted in part and denied in part.  (Docket Entry No. 33).  The second amended complaint asserts many of the same, conclusory factual allegations as the prior two complaints, despite earlier motions, arguments, and court orders identifying the deficiencies and allowing Ms. Willis to address them.  Further opportunities to amend the FDCPA claims against New York Melon and Ocwen, as well as the state-law identity-theft claims against all of the defendants, would be futile.  Those claims are dismissed, with prejudice.

The court grants Ms. Willis leave to file an amended complaint only against the foreclosure-trustee defendants under the FDCPA.  Ms. Willis must file the amended pleading no later than **September 9, 2016**.

SIGNED on August 15, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11